IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER FLOOD, | : |
|                 Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| ALASKA COMMUNICATIONS SYSTEMS GROUP, INC., DAVID W. KARP, PETER D. AQUINO, WAYNE BARR, JR., BILL BISHOP, BENJAMIN C. DUSTER, IV, and SHELLY LOMBARD, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
|                 Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF ACTION**

1. On December 31, 2020, Alaska Communications Systems Group, Inc. ("Alaska Communications" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by affiliates of ATN International, Inc.: Project 8 Buyer, LLC ("Parent") and Project 8 MergerSub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Alaska Communications' stockholders will receive $3.40 per share in cash.

3. On February 9, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy omits material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the Proxy.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Alaska Communications common stock.

9. Defendant Alaska Communications is a Delaware corporation. Alaska Communications' common stock is traded on the NASDAQ under the ticker symbol "ALSK."

10. Defendant David W. Karp is Chairman of the Board of Directors (the "Board") of the Company.

11. Defendant Peter D. Aquino is a member of the Board.

12. Defendant Wayne Barr, Jr. is a member of the Board.

13. Defendant Bill Bishop is President, Chief Executive Officer, and a member of the Board.

14. Defendant Benjamin C. Duster, IV is a member of the Board.

15. Defendant Shelly Lombard is a member of the Board.

16. Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17. Alaska Communications is the leading provider of advanced broadband and managed IT services for businesses and consumers in Alaska.

18. On December 31, 2020, Alaska Communications entered into the Merger Agreement, under which Alaska Communications' stockholders will receive $3.40 per share in cash.

19. The press release announcing the Proposed Merger provides as follows:

Alaska Communications Systems Group, Inc. (NASDAQ: ALSK) ("Alaska Communications" or the "Company") announced today that on December 31, 2020 it entered into a definitive agreement pursuant to which the Company will be acquired by a newly formed entity owned by ATN International, Inc. (NASDAQ: ATNI) ("ATN") and Freedom 3 Capital, LLC ("FC3") in an all cash transaction valued at approximately $332 million, including net debt. The merger will result in Alaska Communications becoming a consolidated, majority owned subsidiary of ATN and is expected to close in the second half of 2021. Alaska Communications' prior agreement to be acquired by an affiliate of Macquarie Capital ("Macquarie") and GCM Grosvenor ("GCM"), through its Labor Impact Fund, L.P., has been terminated.

Under the terms of the agreement, an affiliate of ATN will acquire all the outstanding shares of Alaska Communications common stock for $3.40 per share in cash. This represents a premium of approximately 78% over the closing per share price of $1.91 on November 2, 2020, the last trading day prior to the date when Alaska Communications' original merger agreement with Macquarie and GCM was executed, a 70% premium to the 30-day volume weighted average price up to and including November 2, 2020 and a 4% premium to Macquarie and GCM's prior binding agreement to acquire the Company.

The merger agreement follows the determination by the Alaska Communications Board of Directors, after consultation with its legal and financial advisors, that the ATN proposal constituted a "Superior Proposal" as defined in Alaska Communications' previously announced merger agreement with Macquarie and GCM. Consistent with that determination and following the expiration of the negotiation period with Macquarie and GCM required under such agreement, Alaska Communications terminated that agreement. In connection with the

termination, Alaska Communications paid Macquarie and GCM a $6.8 million break-up fee.

David W. Karp, Chairman of the Alaska Communications Board of Directors, said, "Today's announcement is the product of a comprehensive process that demonstrates what a strong business the team at Alaska Communications has built. The agreement with ATN is a great result for our stockholders, who will receive significant near-term value."

Bill Bishop, President and Chief Executive Officer of Alaska Communications, stated, "This transaction represents an exciting opportunity to augment our market position, as well as, expand our capabilities to better serve our customers. ATN has extensive telecommunications expertise, a strong track record of successfully investing in and operating capital-intensive businesses and has a strong financial position highlighted by its net cash position. These are critical attributes that will support our strategy to deliver superior customer service utilizing our fiber-based network solutions. We firmly believe this transaction will allow us to enhance our expanded fiber network services and drive long-term value for our employees and customers in Alaska."

Michael Prior, Chairman and Chief Executive Officer of ATN, stated, "This investment and merger allows us to enter a new market with many similar characteristics to our existing operations in the U.S. and elsewhere. Further, it aligns with our strategy to leverage the broad capabilities of our operating platform to enhance and augment leading providers of facilities-based communications services in distinctive markets. ATN has a long history of enabling its subsidiaries to gain and maintain strong market positions by investing in high quality infrastructure, the latest technologies and creative solutions to give customers a superior experience. We recognize the same determination and customer-centric approach in the Alaska Communications team. Our industry is rapidly changing, and communications requirements have never been more essential and critical than they are today. We look forward to combining our resources and experience with Alaska Communications' market knowledge and reputation for superior service to provide industry-leading communications products and services to customers in Alaska and beyond."

The merger is subject to the approval of Alaska Communications' stockholders, regulatory approvals and other customary closing conditions. The merger has fully committed debt and equity financing and is not subject to any condition with regard to financing. Alaska Communications' Board of Directors has unanimously approved the agreement and recommends that Alaska Communications' stockholders approve the proposed merger and merger agreement. Alaska Communications expects to hold a special meeting of stockholders to consider and vote on the proposed merger and merger agreement as soon as practicable after the mailing of the proxy statement to its stockholders.

TAR Holdings, LLC, which owns approximately 8.8% of the outstanding shares of Alaska Communications common stock, has entered into a voting agreement with ATN agreeing, among other things, to vote in favor of the merger. The voting agreement will automatically terminate upon the earliest of (a) the vote of stockholders on the merger, (b) any termination of the Merger Agreement, (c) any change in recommendation by the Board of Alaska Communications and (d) 14 months after the signing of the Merger Agreement. Under the voting agreement, TAR Holdings, LLC may sell shares of the Company's stock in the open market through a broker dealer.

Advisors

Bank Street Group, LLC is serving as financial advisor and Morrison & Foerster LLP is serving as legal advisor to ATN in connection with the transaction.
B. Riley Securities, Inc. is serving as financial advisor and Sidley Austin LLP is serving as legal advisor to Alaska Communications in connection with the transaction.

20. Defendants filed the Proxy with the SEC, which omits material information regarding the Proposed Merger.

Financial Projections

21. The Proxy omits material information regarding the Company's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

22. The Proxy fails to disclose:

    (i) The line items used to calculate adjusted EBITDA and adjusted free cash flow;

    (ii) A reconciliation of the non-GAAP to GAAP metrics;

    (iii) Projected net income; and

    (iv) The projections presented to the Board on or around March 25, 2020.

<u>Financial Analyses</u>

23. The Proxy omits material information regarding the analyses performed by B. Riley Securities, Inc. ("B. Riley"), the Company's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. The Proxy fails to disclose the multiples and metrics for the companies observed in B. Riley's Selected Public Company Analysis.

25. The Proxy fails to disclose the multiples and metrics for the transactions observed in B. Riley's Selected Precedent Transactions Analysis.

26. The Proxy fails to disclose the following regarding B. Riley's Discounted Cash Flow Analysis:

   (i) The unlevered free cash flows used in the analysis and the line items used to calculate unlevered free cash flows;

   (ii) The terminal values;

   (iii) The basis for applying multiples ranging from 4.5x to 5.5x; and

   (iv) The inputs and assumptions underlying the discount rates ranging from 11.5% to 12.5%.

27. The Proxy fails to disclose the following regarding B. Riley's Premiums Paid Analysis:

   (i) The transactions observed; and

   (ii) The premiums paid in the transactions.

Potential Conflicts of Interest of B. Riley

28. The Proxy fails to disclose material information regarding potential conflicts of interest of B. Riley. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

29. The Proxy fails to disclose whether B. Riley has performed past services for any parties to the Merger Agreement or their affiliates, as well as the timing and nature of the services and the amount of compensation received by B. Riley for providing the services.

Background of the Proposed Merger

30. The Proxy omits material information regarding the background of the Proposed Merger. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Merger.

31. The Proxy fails to disclose whether the Company entered into any confidentiality agreements that contained don't ask, don't waive provisions.

32. The Proxy fails to disclose whether the Company or B. Riley contacted Party A or Party B during the go-shop period.

33. If disclosed, the omitted information would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**Claim Against the Individual Defendants and Alaska Communications for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

34. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

36. Alaska Communications is liable as the issuer of these statements.

37. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.

38. Due to their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

39. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

41. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

42. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

43. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

44. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

45. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth

herein.

46.     The Individual Defendants acted as controlling persons of Alaska Communications within the meaning of Section 20(a) of the Exchange Act.

47.     Due to their positions as officers and/or directors of Alaska Communications and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

50.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

51.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

52.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by

their acts and omissions as alleged herein.

53. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

54. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 17, 2021                             **RIGRODSKY LAW, P.A.**

                                                     By: */s/ Gina M. Serra*
                                                         Seth D. Rigrodsky (#3147)
                                                         Gina M. Serra (#5387)
                                                         Herbert W. Mondros (#3308)
                                                         300 Delaware Avenue, Suite 210
**OF COUNSEL:**                                          Wilmington, DE 19801
                                                         Telephone: (302) 295-5310
**GRABAR LAW OFFICE**                                    Facsimile: (302) 654-7530
Joshua H. Grabar                                         Email: sdr@rl-legal.com
1650 Market Street, Suite 3600                           Email: gms@rl-legal.com
Philadelphia, PA 19103                                   Email: hwm@rl-legal.com
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com                             *Attorneys for Plaintiff*